FRANK POWELL V. STATE

No. 24502. January 25, 1950.
Rehearing Denied February 22, 1950.

*Irwin & Irwin* and *Robert C. Benavides,* Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for violation of the pure food laws of this state; the punishment, a fine of $200.

The information charged that appellant sold to F. L. Robertson "an article of food, to-wit, meat, said meat then and there containing sulfite."

The prosecution is brought under Art. 709, P. C., which makes unlawful the sale of an article of food "to which has been added . . . sulphites . . ."

In the case of Neill v. State, No. 24,423, (Page —— of this volume), the conclusion was expressed that knowledge that the article of food contained sulphite was not required to be either alleged or proven in order to sustain a conviction.

Appellant attacks the information because of the absence of an allegation that sulphite had been "added" to the article of food, as stated in the statute, and insists that the use of the word "containing," in lieu thereof, was not sufficient.

In Branch's P. C., Sec. 495, p. 256, the rule is stated as follows:

"Where a word not in the statute is substituted for one that is, the indictment is sufficient if the word thus substituted is equivalent to the word used in the statute, or is of a more extensive signification than the statutory word and includes it."

The conclusion is expressed that the instant information is sufficient, under the rule stated.

The witness, Robertson, operated a cafe. On the morning of October 9, 1948, he purchased and received from appellant, who operated a meat market, five pounds of hamburger. A short time thereafter, an inspector of the Food and Drug Division of the State Department of Health, called upon Robertson for a sample of the hamburger. Robertson gave the sample from the unbroken package of hamburger meat which he purchased from appellant. The sample was carried to the State Health Department at Austin, where it was examined by Lakey, a chemist with that department, who testified that sulphite was found in a "substantial quantity."

Under the holding in the Neill case, supra, the state, by this testimony, established a prima facie case.

While the appellant did not testify as a witness in his own behalf, his employee who made and prepared the hamburger testified to facts showing that sulphite was not and could not have been in the hamburger.

In support of this contention, appellant offered to prove by Dr. Bass, City Health Officer of the City of Dallas, that a chemical report made to him by a member of his staff showed the absence of sulphite in the hamburger meat examined by that department, which appellant claimed was a part of the same lot of hamburger from which the sample upon which this prosecution is based had been taken.

As this question is presented in the bill of exception, it appears that the testimony of Dr. Bass was hearsay. The testimony, therefore, was not admissible for that reason.

The state's testimony did not rest upon circumstantial evidence, and the trial court did not err in refusing to so charge the jury.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

WOODLEY, Judge.

Appellant's motion for rehearing, having been timely mailed but delayed in reaching this court through no fault of his attorney, is ordered filed, and will be considered.

In his motion, appellant re-urges the matters claimed by him to constitute error, and contends that this court erred in affirming the judgment.

We remain convinced that the complaint and information alleging that the meat in question "contained sulfite" is sufficient under the statute, Art. 709, P. C., making it an offense to manufacture, sell or expose for sale an article of food "to which has been added sulphite."

Necessarily if meat "contains" sulphite then sulphite "has been added," and if sulphite "has been added" to meat, then the meat "contains" sulphite. As used, the terms mean the same.

Under the express provisions of Art. 717, P. C., it was not necessary for the state to prove that the act of selling food to which sulphite has been added was knowingly done.

But lack of such knowledge is a defense and, being relied upon by appellant, was properly submitted as such in the court's charge, but rejected by the jury. See Neill v. State, No. 24,423, (Page —— of this volume).

We remain convinced that appellant's Bill of Exception No. 2 regarding the proffered testimony of Dr. Bass shows no error, and that the judgment was properly affirmed.

Therefore appellant's motion for rehearing is overruled.

Opinion approved by the Court.

